SIMON HARRIS, PROSECUTOR, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY, DEFENDANT.

Submitted February 2, 1931—Decided June 4, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Peter Cohn.*

For the defendant, *William A. Stevens.*

PER CURIAM.

The writ of *certiorari* brings up for review a resolution of the state board of registration and examination in dentistry revoking the license of Simon Harris to practice dentistry in this state.

Section 7 of chapter 161, *Pamph. L.* 1924, *p.* 365, provides several grounds upon which a license may be revoked, among them willful and gross malpractice and neglect in the practice of dentistry, and also the publication of grossly false, fraudulent or misleading statements of one's art, skill or knowledge. The board found, from the proofs adduced, that Harris was guilty of malpractice and the publications of false, fraudulent and misleading statements of his art, skill and knowledge.

Appellant argues for reversal, that the findings of the board were against the clear weight of evidence. This does not appear to be so. There was a great deal of testimony offered respecting the charge of malpractice. Patients, who had suffered, were called and testified to facts and circumstances which indicated gross malpractice. This testimony was, however, in many particulars negatived by other witnesses, and because of the view we take of other evidence offered we do not deem it necessary to review the evidence on the question of malpractice at length.

Harris employed an advertising agent, who wrote glowing copy and sent the same to the local papers. Although he had been practicing dentistry only since June 20th, 1926, the advertisements stated that his office has been conducted in New Jersey for fifteen years. No effort was made to correct this error, although the advertising appeared in the local papers and its copy was authorized. Below a woman's pic-

ture, the use of which was not authorized, the following unauthorized testimonial appeared: "Dr. Harris extracted seven teeth from me with sleep air, and I never felt a thing; then he made me a partial plate, and I must say it looks good and feels natural." Handbills were circulated containing another woman's picture with remarks indicative that Harris had removed wrinkles from the subject's face.

. Our examination of the resolution and the proceeding prior thereto lead us to the conclusion that the same are complete and regular in form. There is nothing to suggest that the complaint was insufficient, or that the action taken thereon was the result of bias or prejudice.

The writ will be dismissed, with costs.